FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 SEP 17 AM 11: 31

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CASE NO. CR412-86 |
| SABRINA SESBERRY, | ) |
| Defendant. | ) |

# O R D E R

Before the Court is the Government's "Motion to Approve Consent Order of Forfeiture." (Doc. 223.) The Government seeks a consent order of forfeiture that sets forth a personal money judgment and forfeiture of real and personal property against Defendant. (Doc. 223-1 at 1.) However, the Government has not moved for, and the Court has not issued, a preliminary order of forfeiture in this case. It is the duty of this Court "as soon as practical after a plea of guilty . . . [to] determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). Accordingly, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(A), the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has

met the statutory criteria." Although an ancillary proceeding is not required unless a third party files a petition asserting an interest in the property to be forfeited, Fed. R. Crim. P. 32.2(c)(1), a preliminary order of forfeiture is still required. Indeed, the fact that forfeiture has been consented to by the Government and Defendant is of no consequence because it may later be determined that there are third parties with interest in the property. Because there is no preliminary order of forfeiture in this case, it would be improper for the Court to enter a consent order of forfeiture at this time. Accordingly, the Government's motion is **DENIED**.

SO ORDERED this 17th day of September 2012.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA